IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN SINAYI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:11-CV-2770-D |
| VS. | § | |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION

Plaintiff John Sinayi ("Sinayi") brings this action under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Social Security Disability Insurance benefits. For the reasons that follow, the Commissioner's decision is affirmed.

I

On March 29, 2006 Sinayi applied for disability benefits and Title XVI supplemental security income payments. At Sinayi's request, the Administrative Law Judge ("ALJ") held a hearing at which Sinayi appeared *pro se* and testified. In making his decision, the ALJ followed the five-step sequential process prescribed in 20 C.F.R. § 404.1520(a)(4) (2012). The ALJ concluded at step two that Sinayi has moderate obstructive sleep apnea, a history of asthma, a history of hypersensitivity pneumonitis, status post left knee surgery for a tear of the meniscus, gastroesophageal reflux, and diabetes mellitus. The ALJ also found that

Sinayi's depression is not severe. At step four, the ALJ concluded that, despite Sinayi's conditions, he retains a physical residual functional capacity ("RFC") that allows him to perform light work, including his past relevant work. Accordingly, the ALJ found he is not disabled within the meaning of the Social Security Act. Sinayi sought review of the ALJ's decision by the Appeals Council, which initially denied his request for review, but later agreed to consider additional evidence. After considering that evidence, the Appeals Council again denied Sinayi's request for review, making the ALJ's decision the final decision of the Commissioner. Sinayi now seeks judicial review, arguing that the ALJ's findings were based on the wrong legal standard, the ALJ erred by failing to order a psychological consultation regarding Sinayi's alleged mental impairments, and the ALJ's conclusion that Sinayi can return to his past work is not supported by substantial evidence.

II

The court's review of the Commissioner's decision is limited to determining whether substantial evidence supports the decision and whether the Commissioner applied the proper legal standards to evaluate the evidence. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (per curiam). "The Commissioner's decision is granted great deference and will not be disturbed unless the reviewing court cannot find substantial evidence in the record to support the Commissioner's decision or finds that the Commissioner made an error of law." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (footnotes omitted).

"The court may not reweigh the evidence or try the issues de novo or substitute its

judgment for that of the [Commissioner].” *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984) (citations omitted). “If the Commissioner’s findings are supported by substantial evidence, then the findings are conclusive and the Commissioner’s decision must be affirmed.” *Martinez*, 64 F.3d at 173. “Substantial evidence is ‘such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.’” *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). “It is more than a mere scintilla, and less than a preponderance.” *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citing *Moore v. Sullivan*, 919 F.2d 901, 904 (5th Cir. 1990) (per curiam)). “To make a finding of ‘no substantial evidence,’ [the court] must conclude that there is a ‘conspicuous absence of credible choices’ or ‘no contrary medical evidence.’” *Dellolio v. Heckler*, 705 F.2d 123, 125 (5th Cir. 1983) (citation omitted). Even if the court should determine that the evidence preponderates in the claimant’s favor, the court must still affirm the Commissioner’s findings if there is substantial evidence to support these findings. *See Carry v. Heckler*, 750 F.2d 479, 482 (5th Cir. 1985). The resolution of conflicting evidence is for the Commissioner rather than for the court. *See Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983) (per curiam).

For purposes of social security determinations, “disability” means an “inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.” 42 U.S.C. § 423(d)(1)(A). In determining whether an applicant is disabled, the ALJ follows a five-step

sequential analysis. *See, e.g.*, *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). If the ALJ finds that the claimant is disabled or is not disabled at any step in the analysis, the analysis is terminated. *Id.* Under the five-step sequential inquiry, the Commissioner considers whether (1) the claimant is presently engaged in substantial gainful activity, (2) the claimant's impairment is severe, (3) the claimant's impairment meets or equals an impairment listed in 20 C.F.R. § 404.1520, Subpart P, Appendix 1, (4) the impairment prevents the claimant from doing past relevant work, and (5) the claimant cannot presently perform relevant work that exists in significant numbers in the national economy. *See, e.g.*, *Leggett*, 67 F.3d at 563-64 n.2; *Martinez*, 64 F.3d at 173-74; 20 C.F.R. § 404.1520(a)(4) (2012). "The burden of proof is on the claimant for the first four steps, but shifts to the [Commissioner] at step five." *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (per curiam) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989) (per curiam)).

When determining the propriety of a decision of "not disabled," this court's function is to ascertain whether the record considered as a whole contains substantial evidence that supports the final decision of the Commissioner, as trier of fact. The court weighs four elements of proof to decide if there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) age, education, and work history. *Martinez*, 64 F.3d at 174 (citing *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991) (per curiam)). "The ALJ has a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits." *Ripley*, 67 F.3d at 557. "If the ALJ does not satisfy [this] duty,

[the] decision is not substantially justified." *Id.* Reversal of the ALJ's decision is appropriate, however, "only if the applicant shows that he was prejudiced." *Id.* The court will not overturn a procedurally imperfect administrative ruling unless the substantive rights of a party have been prejudiced. *See Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997) (Fitzwater, J.).

III

Sinayi first contends that the ALJ committed an error of law when making the step two determination of whether Sinayi's mental impairments and obesity are severe.[1]

[1]Sinayi argues that the ALJ did not apply the correct legal standard when assessing whether his obesity is a severe disability, but the record does not show that the ALJ was even made aware that Sinayi was claiming a disability based on obesity. To the extent Sinayi argues that the ALJ did not apply the correct legal standard regarding the severity of his obesity because the ALJ made no specific findings in this respect, he has not cited any evidence demonstrating that the ALJ was even aware that his disability claim was based, in whole or in part, on his obesity.

The Commissioner's arguments that the ALJ in fact considered Sinayi's obesity are misplaced. The court has carefully studied the parts of the hearing record on which the Commissioner relies. The court's reading of the hearing record leads it to conclude that the cited parts merely demonstrate that the ALJ asked background questions of Sinayi that included an inquiry about his weight, and that Sinayi testified in another context that some of his medications caused weight gain. *See* R. 1035 & 1041.

The court therefore need not address whether the ALJ applied the correct legal standard in assessing Sinayi's obesity because he has not shown that his obesity was before the ALJ as a ground for claiming disability. "The claimant has the burden of proving his disability and the ALJ has a duty to fully develop the facts, or else the decision is not supported by substantial evidence. The ALJ's duty to investigate . . . does not extend to possible disabilities that are not alleged by the claimant or to those disabilities that are not clearly indicated on the record." *Leggett*, 67 F.3d at 566 (citing *Pierre v. Sullivan*, 884 F.2d 799, 802 (5th Cir. 1989) (per curiam)).

A

Sinayi argues that the ALJ incorrectly followed the standard for determining whether an impairment is severe set forth in 20 C.F.R. § 404.1520(c), rather than the standard set forth in *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985). He maintains that the court should conclude that the ALJ committed legal error by failing to find that Sinayi's depression or obesity was a severe impairment because the ALJ did not cite the appropriate standard. The Commissioner argues, *inter alia*, that even if the ALJ failed to apply the correct standard at step two, this error is not reversible because Sinayi failed to make even a *de minimis* showing that his mental impairments and obesity were severe enough to interfere with his ability to do work.[2]

B

The court concludes that, although the ALJ did not explicitly cite *Stone*, he applied the correct severity standard for this circuit and his decision is not reversible.

"*Stone* does not require a wholesale remand of all severity cases. A case will not be remanded simply because the ALJ did not use 'magic words.' We remand only where there is no indication the ALJ applied the correct standard." *Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986). "*Stone* makes clear that the ALJ must explicitly refer to *Stone*, refer

[2]The Commissioner also argues that Sinayi's hearing was conducted in California (where he resided at the time) and therefore was not subject to the Fifth Circuit's *Stone* standard. And the Commissioner maintains that, even if the ALJ should have applied the *Stone* standard, the case should not be remanded because legal error at step two is not reversible when the ALJ finds that the claimant's impairments are severe and proceeds to step three. The court need not consider these arguments.

to another opinion of the same effect, or include an express statement construing 20 C.F.R. § 404.1520(c) in accordance with *Stone*." *Henderson v. Astrue*, 2011 WL 540286, at *8 (N.D. Tex. Feb. 15, 2011) (Fitzwater, C.J.).

In *Stone* the Fifth Circuit held that an impairment is "not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone*, 752 F.2d at 1101 (alternation in original) (quoting *Estran v. Heckler*, 745 F.2d 340, 341 (5th Cir. 1984)). In this case, the ALJ applied the following standard: "[a]n impairment or combination of impairments is 'not severe' when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work." R. 11; *see also* R. 13 ("[W]hile the claimant may have some depression, it does not cause more than minimal limitation in his ability to perform basic mental work activities and as a result, is not severe."). This standard is equivalent to the standard set forth in *Stone* because, although *Stone* refers to a "minimal effect on the individual," both *Stone* and the standard used by the ALJ define a non-severe impairment as one that has only a minimal effect on an individual's ability to work. *See Acosta v. Astrue*, ___ F.Supp.2d ___, 2012 WL 1994985, at *4-11 (W.D. Tex. Mar. 2, 2012) (holding that remand was not required under *Stone* where ALJ used same standard as used in this case, because *Stone* standard allows a minimal effect on the ability to work without rendering an impairment severe); *Hunter v. Astrue*, 2012 WL 1057314, at *1 (N.D. Miss. Mar. 28, 2012) (same); *see also Brunson v. Astrue*, 387 Fed.

Appx. 459, at *1 (5th Cir. 2010) (per curiam) (citing *Stone* for the proposition that an impairment "is not severe if it is a slight abnormality or combination of slight abnormalities that has no more than a minimal effect on the claimant's ability to do basic work activities"); *but see Scroggins v. Astrue*, 598 F.Supp.2d 800, 805-06 (N.D. Tex.) (Ramirez, J.), *rec. adopted*, 598 F.Supp.2d at 801 (N.D. Tex. 2009) (Lindsay, J.) (order) (holding that *Stone* does not allow minimal interference with a claimant's ability to work); *Padalecki v. Astrue*, 688 F.Supp.2d 576, 580 (W.D. Tex. 2010) ("*Stone* does not allow for any interference with work ability, not even minimal interference."). Moreover, in setting forth the severity standard, the ALJ cited Social Security Ruling 85-28, which "specifically cites to *Stone*" and was adopted by the Social Security Administration "partly in response to [*Stone*] and other cases." *Hunter v. Astrue*, 2012 WL 1066359, at *5 (N.D. Miss.), *rec. adopted*, 2012 WL 1057314 (N.D. Miss. Mar. 28, 2012).

Accordingly, the court holds that the ALJ did not commit reversible legal error at step two because he cited the correct legal standard for severity and applied it to Sinayi's impairments.

IV

Sinayi maintains that the ALJ's decision is not supported by substantial evidence.

A

Sinayi contends that the ALJ failed to fully develop the factual record by failing to order a psychological consultation, and therefore his decision regarding Sinayi's disability is not supported by substantial evidence. The Commissioner responds that the ALJ fully

developed the factual record regarding Sinayi's mental impairments, and, even if the ALJ did not, Sinayi did not demonstrate that he was prejudiced.

"When a claimant is not represented by counsel, the ALJ owes a heightened duty to 'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996) (per curiam) (quoting *Kane*, 731 F.2d at 1219-20). "An ALJ must order a consultative evaluation when such an evaluation is necessary to enable the ALJ to make the disability determination." *Id.* (citing *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977)); *see also* 20 C.F.R. § 404.1517 (2012). "A consultative evaluation becomes 'necessary' only when the claimant presents evidence sufficient to raise a suspicion concerning a non-exertional impairment." *Brock*, 84 F.3d at 728 (citing *Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987)). "[The court] will reverse the decision of an ALJ as not supported by substantial evidence if the claimant shows (1) that the ALJ failed to fulfill his duty to adequately develop the record, and (2) that the claimant was prejudiced thereby." *Id.* "To establish prejudice, a claimant must demonstrate that he or she 'could and would have adduced evidence that might have altered the result.'" *Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000) (quoting *Kane*, 731 F.2d at 1220).

Assuming *arguendo* that the ALJ failed to fulfill his heightened duty to Sinayi, who appeared at the hearing *pro se*, to develop the factual record, the court concludes that Sinayi has not demonstrated that he was prejudiced. Sinayi presents no specific arguments regarding how a psychological consultation would have produced evidence that might have altered the result. *See id.* Instead, Sinayi argues that this case is factually similar to

*Scroggins*, where the court remanded the case so that, *inter alia*, the ALJ would order and consider a psychological consultation. *See Scroggins*, 598 F.Supp.2d at 807. Assuming *arguendo* that this case is factually similar to *Scroggins*, and therefore that Sinayi has "raised a suspicion" about the existence of mental limitations, he must still demonstrate that he was prejudiced by the ALJ's decision not to order a psychological consultation, which he has failed to do.

Accordingly, assuming the ALJ erred in failing to adequately develop the record, Sinayi has failed to show that he was in any way prejudiced and, in turn, that such error is reversible.

B

Sinayi next posits that the ALJ's decision at step four—that Sinayi is capable of performing his past relevant work as a project manager, construction superintendent, and senior manager of information technology—is not supported by substantial evidence.

At step four, the ALJ relied primarily on interrogatory responses from a vocational expert ("VE") who, in response to a hypothetical that the ALJ posed, stated that someone with Sinayi's RFC and activity restrictions is capable of performing all of his past relevant jobs. Sinayi maintains that his previous job—director of information technology—was misclassified in the VE's interrogatory, and that this job could not be performed without exposure to dust, fumes, and gases, to which the medical evidence shows he should never be exposed. Sinayi also argues that all of his past relevant work is in construction, and neither the ALJ nor the VE adequately explained how he could perform construction work without

exposure to dust, fumes, and gases. The Commissioner responds that there is substantial evidence for the ALJ's step four determination that Sinayi can return to his past relevant work, because the ALJ's hypothetical to the VE included Sinayi's prohibition on exposure to dust, fumes, and gases, and the ALJ was entitled to rely on the VE's testimony.

The court holds that the ALJ's finding at step four that Sinayi is capable of performing at least some of his past relevant work is supported by substantial evidence. Assuming *arguendo* that the VE mischaracterized Sinayi's past job as a "director of information technology," the ALJ was only required to find that Sinayi can perform *some* of his past relevant work for Sinayi to be considered not disabled. *See Alexander v. Astrue*, 412 Fed. Appx. 719, 721 (5th Cir. 2011) (per curiam) ("A finding, at the fourth step, that [the claimant's] impairments did *not* prevent her from performing some of her past relevant work ought to have resulted in the conclusion that [the claimant] was not disabled."); *Smith v. Astrue*, 278 Fed. Appx. 395, 398 (5th Cir. 2008) (per curiam) ("The Commissioner found . . . that [the claimant] was capable of performing some of her past relevant work . . . [which] required a finding of 'not disabled.'"); 20 C.F.R. § 404.1560(c)(1) (2012) ("If we find that your [RFC] is not enough to enable you to do any of your past relevant work, we will . . . decide if you can adjust to any other work.").

Sinayi only contests the ALJ's findings that he can perform his past relevant work of a project manager and construction superintendent, contending that the ALJ failed to explain how he could perform these jobs without exposure to dust, fumes, odors, or chemicals. Sinayi bears the burden of proof at step four and has not pointed to any evidence

demonstrating that he cannot perform his past relevant work without exposure to dust.[3] *See Bowling*, 36 F.3d at 435 ("The burden of proof is on the claimant for the first four steps[.]"). Nor does Sinayi point to any evidence or provide any arguments as to why the VE's finding, or the ALJ's reliance on it, is not supported by the record. Moreover, in finding that Sinayi can perform these jobs, the ALJ questioned Sinayi about his past employment, provided the VE with the pertinent limitations on Sinayi's ability, as set forth by a physician, and relied on the interrogatory response of the VE, who considered, *inter alia*, Sinayi's inability to be exposed to dust, fumes, and gases, and concluded that Sinayi could perform "all of his past work as usually and customarily performed as defined by the [Dictionary of Occupational Titles]." R. 1003 & 1007. The court therefore concludes that the ALJ's finding that Sinayi can perform his past relevant work is supported by substantial evidence. *See, e.g., Masterson v. Barnhart*, 309 F.3d 267, 273 (5th Cir. 2002) (affirming ALJ's reliance on VE's testimony and noting that the claimant "offered no contrary evidence and thus did not satisfy his burden to prove that he could not perform the kinds of jobs identified by [the VE]"); *Leggett*, 67 F.3d at 565 (holding that, at step four, "[t]he [VE's] testimony . . . provided the basis upon which the ALJ could rely to determine that an appropriate cashier position exists for [the claimant]"); *Ramirez v. Astrue*, 336 Fed. Appx. 455, 457 (5th Cir. 2009) (per curiam)

---

[3]To the extent Sinayi relies on the fact that he was exposed to dust and toxins while working in New York City at Ground Zero shortly after the September 11, 2001 terrorist attacks as evidence that he would be exposed to dust and toxins should he return to construction work, the court concludes there is substantial evidence to support the implicit finding that this exposure is not persuasive proof that he would be exposed to dust and toxins if he returned to construction work.

(holding that ALJ's analysis of past relevant work in comparison to claimant's RFC was proper when the ALJ "interviewed [the claimant] on the requirements of his past assembly work, examined the limitations prescribed by doctors, asked the [VE] whether [the claimant's RFC] would allow him to perform his past relevant work, and followed the [VE's] conclusions"); *see also Vaughn v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995) (per curiam) ("The value of a [VE] is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed."); *Nichols v. Astrue*, 269 Fed. Appx. 526, 528 (5th Cir. 2008) (per curiam) (citing *Carey*, 230 F.3d at 146) ("The ALJ was entitled to rely upon the [VE's] knowledge of job requirements.").[4]

Accordingly, the court concludes that there is substantial evidence to support the ALJ's finding at step four that Sinayi can perform his past relevant work.

* * *

Because Sinayi has not demonstrated that the ALJ committed reversible error, the Commissioner's decision is

AFFIRMED.

August 9, 2012.

SIDNEY A. FITZWATER
CHIEF JUDGE

[4]The court does not suggest that the facts of this case are identical, or even substantially similar, to those of cases like *Ramirez* and *Leggett*. Even so, Sinayi has not demonstrated reversible error on this ground.